MEMORANDUM *
Gary McDonough appeals the tax court’s order upholding the Commissioner of Internal Revenue’s imposition of accuracy-related penalties for his underpayment in tax for the years 1989 and 1991. We reverse the gross valuation misstatement penalty for 1989, affirm the negligence penalty for 1991, and remand to the tax court for a determination of whether the negligence penalty should apply to the 1989 return.
I
Because the tax court in the partnership level proceeding for Timeshare Breeding Services 1989-1 determined all deductions taken by the partners were invalid in full, McDonough’s underpayment in tax was “attributable to” an unwarranted deduction, not overvaluation of an asset. See Keller v. Comm’r, No. 06-75441, at 12-13. Accordingly, the tax court’s decision upholding the 40 percent gross valuation misstatement penalty under 26 U.S.C. § 6662(h) was erroneous.[1]
II
The tax court did not err in upholding the 20 percent negligence penalty imposed on McDonough for tax year 1991 under 26 U.S.C. § 6662(b)(1). We have previously upheld the same penalty against other Hoyt investors. See Hansen v. Comm’r, 471 F.3d 1021, 1028-33 (9th Cir.2006). While McDonough may have done slightly more than the Hansens to verify the legitimacy of the Hoyt investment scheme, he still ignored numerous warning signs. These warning signs included a brochure entitled “The 1,000 lb. Tax Shelter,” correspondence from Hoyt about litigation with the IRS, correspondence from the IRS indicating another of McDonough’s partnerships was being audited, the method by which the investment was funded, the fact that McDonough was being allocated losses far in excess of the amount he invested, the fact that McDonough was receiving depreciation deductions for partnerships he never actually signed up for, and a series of letters exchanged between Hoyt and the IRS that indicated Hoyt’s cavalier treatment of the IRS’s interpretation of its own rules. Despite this, Mc-Donough, a relative layman in determining the legitimacy of tax schemes, failed to consult an attorney or a tax professional for advice.
The fact that McDonough might well have been unable to uncover Hoyt’s fraud, even if he tried, is no excuse. See Hansen, 471 F.3d at 1032-33 (“[T]he issue is not whether a taxpayer is wholly successful in determining the tax legitimacy of a desired investment, but whether he is negligent for not reasonably investigating in the first place.”) (quotation marks and citation omitted). “Had [McDonough] sought verification of the legitimacy of [his] investment and the associated tax deductions from a source independent of Hoyt, [his] *923 victimization arguments would be more persuasive, even if the independent advice had failed to uncover the full extent of Hoyt’s scam.” Id. at 1038. Accordingly, the tax court did not clearly err in determining the warning signs sufficient to support a negligence penalty under 26 U.S.C. § 6662(b)(1).
III
McDonough is not immunized from accuracy-related penalties by either the Treasury Regulations or the Internal Revenue Code. The tax court’s decision in Bales v. Commissioner, T.C. Memo.1989-568, was not substantial authority sufficient to show a reasonable possibility that McDonough’s depreciation deductions would be sustained on the merits. See Penalty on Income Tax Return Preparers Who Understate Taxpayer’s Liability on a Federal Income Tax Return or a Claim for Refund, 56 Fed.Reg. 67509-01, 67516 (Dec. 31, 1991) (requiring a reasonable and well-informed tax preparer to conclude that a position has at least a one in three chance of success on the merits).[2] Bales applied to investments made ten years prior to McDonough’s involvement and before serious deterioration in the Hoyt operation, yet McDonough sought no professional advice with respect to its significance. See Hansen, 471 F.3d at 1032-33.
McDonough does not fare any better under the good cause exception found in 26 U.S.C. § 6664(c)(1). We previously have rejected arguments that Hoyt’s deceit or the Bales decision are sufficient to trigger § 6664(c)(1), Hansen, 471 F.3d at 1032-33, and we do again today.
IV
The tax court did not err in limiting trial time. Given the tax court’s familiarity with Hoyt-related cases and the narrow scope of trial, the limitation was not unreasonable in this case and therefore not an abuse of discretion. See Monotype Corp. PLC v. Int'l Typeface Corp., 43 F.3d 443, 450 (9th Cir.1994) (holding that trial time may be limited to “prevent undue delay, waste of time, or needless presentation of cumulative evidence”) (quotation marks and citation omitted).
Likewise, there was no abuse of discretion in the tax court’s evidentiary rulings. The documents were largely cumulative, irrelevant, or both.
V
Accordingly, we affirm the tax court’s order upholding the imposition of the negligence penalty under 26 U.S.C. § 6662(b)(1) for 1991, the rejection of immunizations from the Treasury Regulations and the Internal Revenue Code, and the evidentiary rulings. We reverse the tax court’s order upholding the imposition of the gross valuation misstatement penalty under 26 U.S.C. § 6662(h) for 1989. Because the Commissioner alternatively argued a negligence penalty should apply for 1989 and the tax court has not ruled on that argument, we remand to the tax court to decide the issue in the first instance.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We decline to address the parties’ disagreement over the application of 26 U.S.C. § 7491(c). We would find in favor of the same party for each tax year regardless of which party bore the burden of production.

. The regulations now require a 50 percent or better likelihood of success. Treas. Reg. § 1.6694-2(b) (2009).